IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANGELO M. JONES, )<br>No. B23005, )<br>)<br>        Plaintiff, )<br>)<br>  vs. )<br>)<br>DAVID G. MORRIS, )<br>SGT. SCHOTT, )<br>LT. BEST, )<br>C/O GOTZ, )<br>ALEX JONES, )<br>ROBERT E. HUGHES, )<br>JASON HART, and )<br>SHERRY BENTON, )<br>)<br>        Defendants. ) | Case No. 14-cv-01157-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff DeAngelo M. Jones, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events occurring while he was housed at Menard Correctional Center, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in February 2014, Plaintiff attempted to inform a prison official, Mrs. Cowan, that Defendants C/O Morris, Lt. Best and Sgt. Schott had mistreated prisoners housed in protective custody. Although the mistreatment is not described in any detail in the compliant, Plaintiff told Mrs. Cowan that he feared for his life and safety. Apparently, C/O Morris overheard Plaintiff's discussion. About a week later, when Morris and another guard were passing Plaintiff's cell, Plaintiff heard Morris tell his colleague that the "guy in 10 cell"—presumably Plaintiff—did not like him, to which the unidentified guard replied, "f**k him." On another occasion, Plaintiff overheard an unidentified guard state, "We done got away with murders before, we can do it again" [sic], which Plaintiff took as a threat. Plaintiff also describes a group of guards gathered in a stairwell of some sort, seemingly wanting him to bump them. As a result of the threats and threatening environment, Plaintiff remained in his cell out of fear for his safety.

As Defendant Assistant Warden Alex Jones walked the gallery, Plaintiff told him about the aforementioned misconduct, mistreatment and threats. Jones told Plaintiff to write to him to remind him about his issues, which Plaintiff did, to no avail.

During a span of approximately two weeks, C/O Morris and other unidentified officers would pass Plaintiff and make threats, such as "We'll get you." On February 26, 2014, C/O Morris searched Plaintiff's cell. As the search was about to commence, Defendant C/O Best whispered in C/O Morris's ear. C/O Morris subsequently produced a contraband heating coil—a "stinger"—which Plaintiff asserts was planted by Morris. Plaintiff received a disciplinary ticket, which he contends was an act of retaliation for his complaints to Mrs. Cowan and other complaints to and about C/O Morris and others. Plaintiff perceives a conspiracy was at work. He attempted to achieve some sort of resolution with Defendant Lt. Best, but Best only threatened Plaintiff with segregation and told him to "Go complain about that like you been doing" [sic]. Plaintiff wrote to Assistant Warden Jones again, apparently to no effect.

After a hearing, Plaintiff was convicted of the disciplinary charge. He was punished with six months in segregation, a demotion to C grade and commissary restrictions. Plaintiff takes issue with the disciplinary report not being signed and incorrectly filled out. He also contends Defendant C/O Gotz was lying and asserting that the report was correct as written, when Gotz was not present during the search. (The disciplinary report is partially obscured and partially illegible, so the Court cannot be certain if Gotz was the reporting officer.) Plaintiff filed a grievance regarding the disciplinary process, but Defendant Sherry Benton in the Administrative Review Board Office denied the grievance, incorrectly stating that Plaintiff's witnesses were contacted. According to Plaintiff, he asked that his witnesses be called to testify live at the hearing.

Plaintiff alleges that all named defendants, individually and in conspiracy, retaliated against him, and denied him due process and the equal protection of the law.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **All Defendants retaliated against Plaintiff for complaining about the conditions of his confinement, in violation of the First Amendment;**
>
> **Count 2:** **All Defendants denied Plaintiff due process in connection with his disciplinary ticket and conviction, in violation of the Fourteenth Amendment;**
>
> **Count 3:** **All Defendants denied Plaintiff equal protection of the law in violation of the Fourteenth Amendment; and**
>
> **Count 4:** **All Defendants conspired together to violate Plaintiff's civil rights, as alleged in Counts 1-3.**

## Discussion

Rather than address each count in turn, the Court will begin by paring away those aspects of the complaint that are facially flawed, eventually addressing all claims and each named defendant.

## Count 3

The complaint contains a general assertion that Defendants denied Plaintiff the equal protection of the law.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment

>and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

There is also a second type of equal protection, a so-called "class-of-one" claim. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment.

This equal protection claim is nothing more than a conclusory legal assertion. No intentional discrimination or animus has been alleged. Therefore, Count 3 shall be dismissed without prejudice.

**Count 4**

Count 4 alleges that all named defendants conspired to violate Plaintiff's civil rights. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). The bald assertions in the complaint that there was a conspiracy fails to satisfy the *Twombly* pleading standard.

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an

understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

The sequence of events, the use of the pronoun "we" in the threats by an unidentified guards that "We done got away with murders before, we can do it again," and "We'll get you," and Lt. Best whispering in C/O Morris's ear in advance of the cell search may suggest a possible conspiracy, but not a plausible conspiracy among the named defendants. Count 4 rests on too thin a reed and, therefore, will be dismissed without prejudice.

**<u>Personal Involvement</u>**

Without a viable conspiracy claim, the individual involvement of each defendant will have to be adequately pleaded. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The complaint does not contain allegations against all named defendants.

Robert E. Hughes and Jason A. Hart are named as defendants, but there are no allegations regarding them contained in the narrative of the complaint. Therefore Hughes and Hart will be dismissed without prejudice.

It is alleged that Sgt. Schott (along with C/O Morris and Lt. Best) was involved in the misconduct and mistreatment of inmates in protective custody that Plaintiff was informing Mrs. Cowan about that triggered the retaliation against Plaintiff. However, that unspecified misconduct and mistreatment is not the basis of a claim in this case, and there are no other

allegations against Sgt. Schott, except for the alleged conspiracy, which has not been adequately pleaded.  Therefore, Sgt. Schott will be dismissed without prejudice.

The allegation regarding C/O Gotz lying and asserting that the disciplinary report was correct as written when Gotz was not present during the search is not sufficiently clear, particularly when the disciplinary report is partially obscured and partially illegible, so the Court cannot be certain if Gotz was the reporting officer or was a member of the hearing committee. Therefore, although there is some personal involvement by Gotz, involvement in *what* is not clear.  Therefore, any and all claims against Gotz will be dismissed without prejudice.

It is alleged that Sherry Benton, in the Administrative Review Board Office, denied Plaintiff's grievance regarding the disciplinary report, hearing and conviction.  Benton incorrectly stated in the ruling that Plaintiff's witnesses were contacted when, according to Plaintiff, he asked that his witnesses be called to testify live at the hearing (*see* Doc. 1-1, p. 39). Members of the Administrative Review Board, like Benton, who are merely reviewing the administrative decisions of others, do not face liability merely because they approve the underlying conviction.  *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).  Therefore, Sherry Benton will be dismissed with prejudice.

The personal involvement of the two remaining defendants, Assistant Warden Alex Jones and C/O David G. Morris, is adequately pleaded relative to Count 1, the retaliation claim.  Count 1 will be addressed in a bit more detail below.  However, because there are no remaining defendants involved in Count 2, the due process claim; therefore, Count 2 will be dismissed without prejudice.

**Count 1**

Count 1 alleges that Assistant Warden Jones and C/O Morris retaliated against Plaintiff, in violation of the First Amendment. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000).

C/O Morris allegedly overheard Plaintiff voicing his complaints about how Morris treated protective custody prisoners (presumably including Plaintiff), and that he subsequently threatened to "get" Plaintiff. Morris then carried through with the retaliatory threats by planting a stinger in Plaintiff's cell, for which Plaintiff was punished with six months in segregation. Although it appears that Plaintiff only orally complained to Mrs. Cowan about C/O Morris, such complaints may be adequate to trigger First Amendment protection from retaliation. *See Pearson v. Welborn,* 471 F.3d 732, 738 (7th Cir. 2006). Thus, given the verbal threat(s) and sequence of events, a colorable claim has been stated against C/O Morris.

Relative to Assistant Warden Jones, it is alleged that, first, Plaintiff orally explained the threatening situation he was in, and Jones told Plaintiff to send his complaint in writing, which Plaintiff did. Nothing changed, and after the cell search Plaintiff sent Jones a letter asking him to "look into this situation." Nothing happened and the disciplinary process proceeded, resulting in Plaintiff being found guilty of the offense and punished accordingly.

The *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). The complaint sufficiently pleads that Assistant Warden Jones was aware of threats and the planted stinger and impending discipline, but he did nothing. " 'An official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation

occurs at [his] direction or with [his] knowledge and consent.' " That is, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). This standard is applicable to retaliatory incidents. *See generally Stagman v. Ryan*, 176 F.3d 986, 999 (7th Cir. 2007). Therefore, although this claim appears weak, it states a colorable claim against Jones.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 2, 3 AND 4** are **DISMISSED without prejudice**; Defendants **ROBERT E. HUGHES, JASON A. HART, SGT. SCHOTT and C/O GOTZ** are **DISMISSED without prejudice**; and Defendant **SHERRY BENTON** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1, the First Amendment retaliation claim,** shall **PROCEED** against Defendants **DAVID G. MORRIS and ALEX JONES**.

The Clerk of Court shall prepare for Defendants **DAVID G. MORRIS and ALEX JONES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **DAVID G. MORRIS and ALEX JONES** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: November 19, 2014**

    *s/J. Phil Gilbert*
    **United States District Judge**