IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANGELO M. JONES, )<br>No. B23005, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID G. MORRIS, )<br>SGT. SCHOTT, )<br>LT. BEST, )<br>C/O GOTZ, )<br>ALEX JONES, )<br>ROBERT E. HUGHES, )<br>JASON HART, )<br>SHERRY BENTON, and )<br>JOHN DOES, )<br>)<br>Defendants. ) | Case No. 14-cv-01157-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff DeAngelo M. Jones, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events occurring while he was housed at Menard Correctional Center, which is within this judicial district.

By separate order dated November 21, 2014 (Doc. 6), the complaint underwent a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court concluded that only one viable claim had been stated and ordered that Count 1, a First Amendment retaliation claim, to proceed against Defendants David G. Morris and Alex Jones. The Court failed to include Lt. Best as a defendant to Count 1. The Court also failed mention "John Does" listed in the case caption as defendants. The Court will now formally address those defendants.

The detailed summary of the allegations in the complaint and legal analysis set forth in the Court's previous order will not be repeated here.  However, the Court observes that the complaint alleges that Plaintiff spoke to Lt. Best in an attempted to resolve what he perceived to be a false disciplinary report that was based on planted evidence.  Lt. Best only threatened Plaintiff with segregation and told him to "Go complain about that like you been doing" [sic]. (*see* Doc. 6, p. 3).  That allegation is sufficient to form the basis for a First Amendment retaliation claim, falling under Count 1 of the complaint.  Therefore, Count 1 against Lt. Best shall proceed.

The listing of defendants in the caption of the complaint includes "John Does."  The narrative of the complaint refers to, for example, many individuals by rank only, but does not identify that person as "John Doe #1."  The Court cannot guess who among many unnamed individuals mentioned in the length narrative of allegations is intended to be a defendant. Therefore the "John Does" will be dismissed without prejudice.  Plaintiff is free to move to file an amended complaint to plead claims against individuals he cannot identify by name, as long as he designates the intended defendants as, for example, "John Doe #1"and "John Doe #2," so the Court can assess the viability of the claim asserted.  Of course, ultimately the unidentified defendants must be identified in an amended pleading.

IT IS HEREBY ORDERED that, for the reasons stated, **JOHN DOES** are **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that **COUNT 1, the First Amendment retaliation claim,** shall **PROCEED** against Defendants **DAVID G. MORRIS**, **ALEX JONES** **and** **LT. BEST**.

The Clerk of Court shall prepare for Defendant **LT. BEST** (as previously ordered relative

to David G. Morris and Alex Jones): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant **LT. BEST** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED: November 24, 2014**

*s/J. Phil Gilbert*
**United States District Judge**
